UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GRANITE STATE INSURANCE COMPANY,

    Plaintiff,

v.

INTEGRITY STRUCTURES, LLC,

    Defendant.

CASE NO. C14-5085 BHS

ORDER GRANTING MOTION TO INTERVENE

This matter comes before the Court on the Point at Westport Harbor Homeowners' Association's ("Association") motion to intervene (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 29, 2014, Plaintiff Granite State Insurance Company ("Granite State") filed a complaint against Defendant Integrity Structures, LLC ("Integrity") seeking a declaration that Granite State has no duty to defend or indemnify Integrity under a contract of insurance. Dkt. 1. On February 21, 2014, Integrity answered the complaint and asserted counterclaims against Granite State for breach of contract, bad faith, coverage by estoppel, and a violation of the Washington Consumer Protection Act. Dkt. 10.

On May 20, 2014, the Association filed a motion to intervene. Dkt. 11. On May 16, 2014, Granite State responded. Dkt. 16. On May 23, 2014, the Association replied. Dkt. 18.

## II. FACTUAL BACKGROUND

This dispute arises from an underlying suit brought by the Association against Integrity in state court alleging construction defects. Integrity had entered into a contract of insurance with Granite. The Association and Integrity entered into a settlement agreement in which Integrity assigned all of its rights under that contract of insurance to the Association.

## III. DISCUSSION

"A party is indispensable when, in equity and good conscience, the action should not be allowed to proceed without the presence of the party." *Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234, 1240 (D. Hawaii 2012) (citing *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002)).

The factors for the court to consider include:
    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
    (2) the extent to which any prejudice could be lessened or avoided by:
        (A) protective provisions in the judgment;
        (B) shaping the relief; or
        (C) other measures;
    (3) whether a judgment rendered in the person's absence would be adequate; and
    (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

In this case, the Association argues that it is an indispensible party because coverage on the merits is at issue. Dkt. 11 at 4. Granite State counters that this is a unique case in which only the validity of the assignment is at issue and that issue is solely between the parties to the original contract, Granite State and Integrity. Dkt. 16 at 9–11. Granite State presents an interesting issue if its factual premise were true. The complaint, however, bases the breach of contract allegation, in part, on the following allegation: "On information and belief, other Policy terms, conditions and exclusions apply to preclude coverage for the claims asserted by the Association against Integrity." Dkt. 1, ¶ 49. This allegation clearly implicates the merits of the underlying dispute and shows that Granite State's request for relief is not limited solely to the validity of the assignment. Based on this allegation, the Association's rights are clearly implicated, and a judgment rendered in the Association's absence could be extremely prejudicial. Therefore, the Court grants the Association's motion.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Association's motion to intervene (Dkt. 11) is **GRANTED**.

Dated this 25th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3